# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**FRANCISCO RODRIGUEZ CRUZ,**
**Inmate # 240127882,**

    **Plaintiff,**

**vs.**                                                **Case No.  4:24cv233-WS-MAF**

**DEPUTY RONDON, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on June 3, 2024, by submitting three documents: (1) a hand-written civil complaint, ECF No. 1; (2) an in forma pauperis motion submitted on the national AO-240 form, ECF No. 2; and (3) a motion requesting "leave to file" in this Court and change venue from the Southern District of Florida, ECF No. 3.  An Order was entered on June 5, 2024, advising Plaintiff of the various deficiencies with those submissions, and requiring Plaintiff to file another in forma pauperis motion as well as a proper complaint.  ECF No. 5.  Plaintiff filed an amended complaint, ECF No. 6, but his in forma pauperis motions remained deficient.  *See* ECF No. 7.

At the time of those submissions, Plaintiff's proposed amended complaint, ECF No. 6, was reviewed to determine if Plaintiff had "three strikes" under 28 U.S.C. § 1915(g)[1] which would bar him from proceeding with in forma pauperis status. That review was undertaken because Plaintiff indicated within his proposed complaint that he had three prior dismissals which would count as "strikes." ECF No. 6 at 11. Furthermore, at first glance, Plaintiff's listing of cases was incomprehensible as the case numbers did not match the usual format. were not clear.

After conducting that initial review, it appeared that Plaintiff had only two strikes, but did not yet have three. *See* ECF No. 11. The Order outlined Plaintiff's four previously filed cases in the United States District Court for the Southern District of Florida and directed Plaintiff to file an amended in forma pauperis motion. *Id.*

Plaintiff has now filed another motion for in forma pauperis status, ECF No. 13, and this Court has taken a second glance at Plaintiff's cases.

---

[1] The in forma pauperis statute, 28 U.S.C. § 1915(g), prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior actions or appeals "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Case No. 4:24cv233-WS-MAF

Notably, as of this date, Plaintiff has filed five cases in the Southern District of Florida, all of which have been dismissed.[2] What is notable about the fifth case is that it was dismissed pursuant to 28 U.S.C. § 1915(g). Thus, that discovery led to a more thorough review of Plaintiff's case filings and it is now apparent that Plaintiff has already accumulated "three strikes."

Plaintiff's earliest case - case number 4:2020cv10101 - was dismissed on 10/27/2020 as duplicative of case number 20-10093-CV. This Court has not located that case, but it raises the potential problem that Plaintiff has used an alternate version of his name to file cases. Even so, the duplicative case has not been researched further because the "three strikes" identified in this Report and Recommendation are dispositive. Case number 4:20cv10101 has not been counted as a strike.

Plaintiff's second case was case number 1:2022cv20911, Cruz v. Javier. The order of dismissal made clear that it was dismissed without prejudice "for failure to state a claim." That counts as Plaintiff's first "strike."

---

[2] The cases filed by Francisco Rodriguez Cruz are: (1) case number 4:20cv10101, dismissed on 10/27/2020; (2) case number 1:22cv20911, dismissed on 04/05/2022; (3) case number 1:22cv21979, dismissed on 06/29/2022; (4) case number 1:24cv21549, dismissed on 04/25/2024; and (5) case number 1:24cv22925, dismissed on 08/02/2024.

Case No. 4:24cv233-WS-MAF

Plaintiff's third case was case number 1:2022cv21979, dismissed "because it fails to state a claim." That counts as Plaintiff's second strike.

Plaintiff's fourth case was entered on the docket in the Southern District as a habeas petition - case number 1:2024cv21549. Initially, that case was not reviewed by this Court because habeas cases are not used in calculating strikes under § 1915(g). However, in light of the recent § 1915(g) dismissal by the Southern District of Florida, that case has been more thoroughly examined.

The order of dismissal in case 24cv21549 notes that the pleading submitted by Francisco Rodriguez Cruz was essentially a statement of claim and nothing more. ECF No. 3 of that case. The statement sought a writ of habeas corpus, but by looking beyond the label asserted by Cruz, the court found the pleading should be construed as a § 1983 complaint and dismissed for failure to state a claim. *Id.* Cruz did not appeal or otherwise challenge that dismissal. Therefore, although the court's docket indicated the case was a habeas petition, the order of dismissal makes clear that it was a civil rights case. Thus, it counts as Plaintiff's third strike.

All three of those dismissals occurred before Plaintiff filed this case, and it cannot be disputed that Plaintiff is a "prisoner" as defined by 28

U.S.C. § 1915(h).  *See* ECF No. 14.  Plaintiff is a "three striker" and is barred from proceeding with in forma pauperis in federal court unless his complaint asserts claims of "imminent danger."  It does not do so.

Plaintiff's amended complaint deals with conditions of confinement issues such as the manner in which Plaintiff can receive new sandals, the wearing of head coverings, and responses to grievances.  ECF No. 6.  Plaintiff does not allege that he is in danger of imminent danger from any Defendant or person at the Metro West Detention Center in Miami.  *Id.*

It would appear that Plaintiff has attempted to file in this Court to avoid dismissal under § 1915(g) in the Southern District.  However, this Court is now aware that Plaintiff has had 3 prior cases dismissed for reasons which count as a "strike" under § 1915(g).  Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted and, as a "three striker," Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).

"The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 14, be **DENIED** because Plaintiff is barred from proceeding with in forma pauperis status pursuant to 28 U.S.C. § 1915(g), that this case be **DISMISSED without prejudice** and all other pending motions be denied, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 12, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.